**No. 57178.**—Esso Standard Oil Co. v. United States, protest 176911–K (Charleston).

MOLLISON, Judge: The protest in this case is directed against the assessment of tax or duty at the rate of ½ cent per gallon under section 3422 of the Internal Revenue Code (26 U. S. C. §3422) upon certain crude petroleum entered at the port of Charleston, S. C., on June 6, 1951. The protest claim is for duty at the rate of ¼ cent per gallon under the said section of the Internal Revenue Code, as modified by the trade agreement with Venezuela, T. D. 50015, and the General Agreement on Tariffs and Trade, T. D. 51802.

Sections 3420 and 3422 of the Internal Revenue Code, *supra*, impose a tax or duty at the rate of ½ cent per gallon on "crude petroleum." On November 6, 1939, there was concluded between the United States and Venezuela a trade agreement, the rates of tax or duty set forth in which became effective on and after December 16, 1939, by virtue of a proclamation of the President of the United States reported in T. D. 50015. By the terms thereof, the rate of tax or duty upon crude petroleum, among other things, was reduced to ¼ cent per gallon, with the following proviso:

*Provided,* That such petroleum and fuel oil entered, or withdrawn from warehouse, for consumption in any calendar year in excess of 5 per centum of the total quantity of crude petroleum processed in refineries in continental United States during the preceding calendar year, as ascertained by the Secretary

of the Interior of the United States, shall not be entitled to a reduction in tax by virtue of this item, but the rate of import tax thereon shall not exceed ½¢ per gal.

A further proviso was made to cover a situation which does not obtain here and is not material to the present issue.

By proclamation dated December 29, 1950, and reported in T. D. 52641, the President of the United States, acting under provisions of Article VII of the trade agreement with Venezuela and Article XIII of the General Agreement on Tariffs and Trade, reported in T. D. 51802, and upon request of the Government of the United States of Venezuela, proclaimed—

* * * that, of the total aggregate quantity of crude petroleum, topped crude petroleum, and fuel oil derived from petroleum including fuel oil known as gas oil, entitled, during the calendar year 1951, to a reduction in the rate of import tax by virtue of the said item 3422 of Schedule II of the said definitive trade agreement with Venezuela, no more than 59.4 per centum shall be the produce or manufacture of the United States of Venezuela * * *.

The effect of all of the foregoing was to establish a tariff quota upon the importation of petroleum and fuel oil which would be admitted to entry at the reduced rate of ¼ cent per gallon, and, further, for the calendar year 1951 to limit the quantity of such products imported from Venezuela which would be so admitted to entry at the said reduced rate to 59.4 per centum of the quota quantity.

Under date of March 6, 1951, there was issued over the signature of the Commissioner of Customs a letter addressed to collectors of customs and others concerned, showing the final ascertained quantities and allocation of the tariff-rate quotas for the calendar year 1951 on imported crude petroleum and petroleum products. This letter, published as T. D. 52684, shows the total tariff quota for the calendar year 1951 to be 4,399,220,700 gallons, of which 2,613,137,096 gallons were allocated to Venezuela.

Apparently, from January 1, 1951, until May 24, 1951, importers of Venezuelan petroleum and petroleum products were required to deposit estimated duty at the reduced rate of ¼ cent per gallon. On May 24, 1951, according to a telegram from the Bureau of Customs to all collectors of customs, a copy of which was received in evidence without objection as plaintiff's exhibit 1, it was required that importers of such Venezuelan petroleum or petroleum products deposit estimated duty at the rate of ½ cent per gallon. The importation, the subject of this protest, which was entered on June 6, 1951, was entered on that basis accordingly.

Under date of September 12, 1951, a letter, over the signature of the chief, Division of Drawbacks, Enforcement, and Quotas of the Bureau of Customs, was addressed to the collector of customs at Charleston, S. C. A copy of this letter was received in evidence without objection as plaintiff's exhibit 2, and the pertinent portion reads as follows:

The 1951 quota on petroleum and petroleum products allocated to Venezuela was filled on June 19, 1951. Accordingly, all such entries and withdrawals for consumption accepted during the period January 1 through June 18 are dutiable at the modified rate of ¼ cent per gallon.

According to the testimonial evidence which was offered at the trial of the issue, the foregoing letter was received in the usual course of business in the office of the collector of customs at Charleston, S. C., but for some undisclosed reason was not either transmitted to the liquidator or brought to his attention.

The entry here involved was liquidated on September 21, 1951, at the rate of ½ cent per gallon. The present protest was timely filed against that action. At the trial of the issue, the liquidator stated that at the time of liquidation he was under the impression that he had all the reports necessary to liquidate the rate and amount of duties to be paid on the merchandise, but that he later learned of

the existence of the letter, a copy of which is in evidence as plaintiff's exhibit 2, from which he discovered that he should have liquidated the entry at the ¼ cent per gallon rate.

None of the foregoing facts are controverted by the defendant, and no evidence was offered in support of the collector's action. We are satisfied that plaintiff has established a *prima facie* case, overcoming the presumption of correctness attaching to the collector's action and in favor of the protest claim for the imposition of tax or duty at the rate of ¼ cent per gallon.

Judgment will therefore issue sustaining the protest claim and directing the collector to reliquidate the entry accordingly.